IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| FSG BANK, N.A. d/b/a Jackson Bank and Trust </br></br> v. </br></br> UNITED STATES OF AMERICA; DONNA M. LEGGETT; and DAVID M. LEGGETT | No. 2-07-0081 |

TO:     Honorable Todd J. Campbell, Chief Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

By order entered February 12, 2008 (Docket Entry No. 15), the motion of defendant United States to dismiss for lack of jurisdiction (Docket Entry No. 11), and the motion of defendant David M. Leggett to dismiss (Docket Entry No. 13) were referred to the Magistrate Judge for a Report and Recommendation.

### I. BACKGROUND

Plaintiff FSG Bank, N.A. d/b/a Jackson Bank and Trust ("Bank") filed an interpleader action on December 6, 2007, asserting that it is holding $83,070.41, in which it believed that the United States of America ("United States"), Donna M. Leggett ("Ms. Leggett"), and David M. Leggett ("Mr. Leggett") all claimed an interest. The Bank asserted jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1335. As set out in the complaint, the Bank received a notice of federal tax levy on November 8, 2007, for the funds in a bank account in Ms. Leggett's name. See Exhibit A to complaint. The notice of levy set forth the tax liability of Mr. Leggett of $194,938.96, but specifically sought only $83,070.41 from the Bank account of Ms. Leggett "as nominee of David M. Leggett." Id.  Ms. Leggett wrote to the Bank on November 26, 2007, threatening dire

consequences to the Bank if it released the funds to the United States. See Exhibit B to complaint.

After filing the complaint, the Bank interpled the funds on December 11, 2007. They are currently held in the Registry of the Court.[1]

Ms. Leggett filed a pro se answer to the complaint (Docket Entry No. 7), in which she asserts that she is the sole owner of $155,587.53, in the account of the Bank, and denied that Mr. Leggett was a proper party defendant. Case management conferences were held on February 11, 2008, at which time Ms. Leggett and her father-in-law appeared, along with counsel for the plaintiff,[2] and on March 3, 2008, at which time Ms. Leggett, Mr. Leggett, and Mr. Leggett's father, and counsel for the Bank and the United States appeared.[3] See orders entered February 15, 2008 (Docket Entry No. 16), and March 4, 2008 (Docket Entry No. 19).

At the case management conferences, counsel for the Bank and the United States explained that Donna and David Leggett, husband and wife, had sold a house, the proceeds from which were paid by check payable to both Donna and David Leggett that was deposited into the bank account of Donna Leggett. The IRS sought to attach $83,070.41, which reflects one-half of the proceeds of that check, for the outstanding tax liability of David Leggett. Counsel for the United States further explained that the description of the taxpayer on the notice of levy as "Donna M. Leggett as nominee

---

[1] Although notified by the Clerk, the plaintiff did not submit an order for the funds to be deposited in an interest-bearing account in accord with Local Rule 67.01(b). Therefore, the funds have not been invested in an interest-bearing account.

[2] Defendant United States had moved to continue the February 11, 2008, case management conference and the Court was willing to reschedule the case management conference. However, defendants Donna and David Leggett had not been notified and they appeared on February 11, 2008. On February 11, 2008, the initial case management conference was rescheduled to March 3, 2008, at which time defendant Donna Leggett and counsel for the plaintiff and for defendant United States were directed to attend. Defendant David Leggett was also directed to attend since he had entered an appearance by the filing of a motion to dismiss (Docket Entry No. 13).

[3] Although this case would normally be exempted from case management in accord with Local Rule 16.01(b)(2)(b) because Donna and David Leggett are proceeding pro se, a case management conference was scheduled when the case was filed because the plaintiff was represented by counsel.

2

of David M. Leggett" simply means that a third party is holding the funds for another, i.e., that Donna Leggett is holding the funds for David Leggett. Although Mr. Leggett maintained his position that he is not a proper party defendant, he represented that he had not been provided with a tax assessment and that the IRS is attempting to collect taxes going back more than ten years.[4]

Counsel for the Bank explained that, upon the Bank's having been served with the notice of tax levy and upon receipt of the letter from Ms. Leggett, he contacted the IRS agent, whose name appeared on the notice of levy, who advised him to file an interpleader action. Counsel for the United States contended that the Bank faces penalties for failing to turn over the funds in response to the notice of levy and that the Bank was not entitled to rely on the misguided advice of the IRS agent whose name appeared on the notice of levy. Counsel for the United States further represented that the recourse for the Leggetts, upon payment by the Bank to the IRS pursuant to the levy, is to file a wrongful levy action or a refund suit.

## II. MOTION OF DAVID LEGGETT TO DISMISS

In his "Disclaimer of Interest and Motion to Dismiss" (Docket Entry No. 13), Mr. Leggett echoed Ms. Leggett's answer (Docket Entry No. 7) that he has no personal interest in the property at issue.

No response to that motion has been filed. Although, according to the United States, the notice of levy sought attachment of funds attributable to David M. Leggett, Mr. Leggett has consistently, both through his motion and orally in Court on March 3, 2008, represented that he has no interest in the bank account of Donna Leggett and is not asserting a claim for those funds.

Therefore, the motion of David Leggett to dismiss should be granted.

---

[4] It was the position of the United States that the ten year statute of limitations runs from the assessment of tax liability not the tax year in which the liability was incurred.

### III. MOTION OF UNITED STATES TO DISMISS

In its motion to dismiss, the United States contends that there is no subject-matter jurisdiction over this interpleader action when the only issue is the ownership of the property since, for tax purposes, issues of ownership are to be determined under state law. Thus, according to the United States there is no federal question jurisdiction under 28 U.S.C. § 1331. In addition, the United States argues that there is no jurisdiction under 28 U.S.C. § 1335, which permits an interpleader action when there is diversity of citizenship among "two or more adverse claimants." Because the Leggetts are both Tennessee citizens and the United States is not a citizen of a state for purposes of diversity, the United States contends that section 1335 does not permit the filing of such an interpleader action.

The Bank filed a response (Docket Entry No. 14), essentially arguing that if the Court finds that there is no subject matter jurisdiction, the Court should order the Clerk to pay the funds directly to the United States and find that the Bank is not subject to a penalty pursuant to 26 U.S.C. § 6332(d)(2) because the interpleader was filed at the suggestion of the IRS agent who signed the notice of levy. At bottom, the Bank does not oppose the motion on legal grounds but seeks to protect its own liability from any finding that it improperly filed an interpleader action.

Ms. Leggett filed a response in opposition to the motion of the United States to dismiss (Docket Entry No. 17), arguing that ownership of the property is not, in fact, the sole issue in this case and that it is "presumptively established" that she owns the property. Docket Entry No. 17, at 2.[5] According to Ms. Leggett, other issues include mail and securities fraud. In addition, Ms. Leggett contends that it would be "absurd" to suggest that the IRS notice of levy is anything

---

[5] Defendant Donna Leggett also made a supplemental filing (Docket Entry No. 21), complaining about the Court's discussion of settlement on March 3, 2008. Specifically, Ms. Leggett concluded that the Court had "expressed, in demeanor if not in terms, frustration that 'there is little, if any, chance that the parties will be able to reach a settlement in this case.'" That was a reference to the order entered March 4, 2008 (Docket Entry No. 19), in which the Court simply recounted the conclusion of the discussions on March 3, 2008. By order entered February 12, 2008 (Docket Entry No. 15), the Magistrate Judge was directed to discuss the potential for settlement with the parties. The Court did not intend to express any frustration by "demeanor" or otherwise but rather to accurately articulate the parties' position on the potential for settlement.

4

other than "a claim that 'arises under' federal law," id. at 5, and that the federal court has jurisdiction to interpret applicable federal tax regulations. Id. at 6. Finally, Ms. Leggett asserts that the Bank is liable to her under 26 C.F.R. § 301.6332-1(c)(2), which provides that, if a person surrenders property to the IRS that is not properly subject to a levy, such a person (or entity) may be liable to a third-party who has an interest in the property. She analogizes the circumstances in this case to an example provided in the regulations in which a bank mistakenly surrenders money in an account of John H. Smith, Jr., when the levy was in the name of John H. Smith, Sr.

### IV. ANALYSIS OF UNITED STATES' MOTION TO DISMISS

The Court of Appeals for the Sixth Circuit has addressed a remarkably similar factual situation in Bell & Beckwith v. United States, 766 F. 910 (6th Cir. 1985). In Bell & Beckwith, the plaintiff interpled funds into the Court after the IRS had served a tax levy on an investment account held by a nominee of the taxpayer and the account holder had claimed ownership of the funds in the account. As in this case, the account holder in Bell & Beckwith claimed that the funds in the account were hers, not the taxpayer's. The Court held that, since the ownership of the funds was the threshold question and since the determination of that issue is a matter of state law, the federal court did not have federal question jurisdiction over the interpleader action. See also Commercial Nat'l Bank of Chicago v. Demos, 18 F.3d 485 (7th Cir. 1994).

The Bell & Beckwith rationale is not universally followed. See, e.g., St. Louis Union Trust Co. v. Stone, 570 F.2d 833 (8th Cir. 1978); CPS Elec., Ltd. v. United States, 166 F.Supp.2d 727 (N.D.N.Y. 2001); Amoco Prod. Co. v. Aspen Group, 8 F.Supp.2d 1249 (D. Colo. 1998); Blackmon Auctions, Inc. v. Van Buren Truck Ctr., Inc., 901 F.Supp. 287 (W.D. Ark. 1995). However, it remains the law of this Circuit.

The Court in Bell & Beckwith did address circumstances under which the federal court might have subject matter jurisdiction in cases in which the plaintiff's claim, "though itself not raising a federal question, asserts a defense to a claim that would raise a federal question and that defendant

5

could have asserted in a coercive action." 766 F.2d at 912. In its interpleader action, the Bank alleged that it brought the interpleader action to "avoid being subject to double liability," i.e., to the United States under 26 U.S.C. § 6332, for failure to surrender the funds, and to Ms. Leggett. The Bank did not, however, explicate on what liability it might have to Ms. Leggett, although Ms. Leggett did threaten action against the Bank for conversion and breach of fiduciary duty in her November 26, 2007, letter to the Bank. See Exhibit B to the Complaint. Significantly, however, in response to the motion of the United States to dismiss, the Bank did not address any potential for double liability or argue that the Bank was, by the interpleader action, essentially asserting a defense to a potential coercive action that could be filed by Ms. Leggett.

Ms. Leggett argues that, had the Bank disbursed the funds in the account to the United States, pursuant to the notice of levy, she would have a claim against the Bank for improperly surrendering the money, relying on 26 C.F.R. § 301.6332-1(c)(2). See Docket Entry No. 17, at 6-7. In her supplemental filing (Docket Entry No. 21), Ms. Leggett also argues that she has grounds for a suit for conversion and breach of fiduciary duty against the Bank for its having interpled the funds in her account. See Docket Entry No. 21, at 2-3.

The Bank is relieved of any obligation or liability to the taxpayer or any other person "with respect to the property or rights to property" as a result of payment pursuant to the notice of levy. 26 U.S.C. 6332(e); 26 C.F.R. § 301.6332-1(c)(1). However, 26 C.F.R. § 301.6332-1(c)(2) provides an exception to section 301.6332-1(c)(1), by providing that a bank is not relieved of liability if it surrenders property that is not properly subject to the levy. However, the example provided in 36 C.F.R. § 301.6332-1(c)(4) lends no support for Ms. Leggett's argument that the Bank would not be relieved of liability under the circumstances of this case. The example cited by Ms. Leggett involved a factual scenario of a bank's having paid funds from an account of someone who had a different name than the person listed on the levy. There is no question that the bank account at issue is Ms. Leggett's bank account and that it is her bank account named in the notice of levy. In fact,

6

Ms. Leggett notes that she and the United States "are in complete agreement that the account under attack is held solely in [her] name." Docket Entry No. 17, at 7.[6]

In <u>Shelter Mut. Ins. v. Gregory,</u> 555 F. Supp.2d 922 (M.D. Tenn. 2008) (Nixon, J.), this Court found that there was subject matter jurisdiction in an interpleader action, naming as defendants the homeowner/taxpayer and the United States which had filed a tax lien against the property with the county Register of Deeds. The United States filed a counterclaim against the interpleading insurance company and a cross-claim against the defendant taxpayer. The Court distinguished <u>Bell & Beckwith</u> since there was no threshold state law issue of ownership, but rather issues relating to the nature or operation of the tax lien, which is a matter of federal law. <u>Id.</u> at 928-29 and n.10. Although Ms. Leggett raises issues about the legality of the levy, the circumstances in this case more closely track those presented in <u>Bell & Beckwith</u> since there was no question of ownership in <u>Gregory.</u>

It appears that Ms. Leggett believes that, if Mr. Leggett, the taxpayer, does not claim an interest in the funds, then there is no issue about the ownership of the funds since the account is solely in her name. Whether or not Mr. Leggett claims an interest in the funds, the United States contends that it is entitled to the funds since Ms. Leggett was the nominee of Mr. Leggett and the funds at issue deposited into Ms. Leggett's account belonged to Mr. Leggett. Although there is no dispute that the account is solely in her name, the ownership of the funds in the account is indeed the threshold issue in this case. Simply declaring that the funds are her property and that "any alleged unpaid tax of any other person is immaterial," <u>see</u> Docket Entry No. 17, at 3, does not make the issue of ownership undisputed.

In sum, the Court finds that the binding authority of <u>Bell & Beckwith</u> compels dismissal for lack of subject matter jurisdiction under 28 U.S.C. § 1331, because the threshold issue is the

---

[6] Other issues raised by Ms. Leggett relating to claims for mail or securities fraud or the procedural requirements of a proper levy do not address the Bank's potential liability.

7

ownership of the funds at issue, which is a matter of state law. See Aquilino v. United States, 363 U.S. 509, 512-13, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); Bell & Beckwith, 766 F.2d at 915-16.

The Bank also asserted jurisdiction under 28 U.S.C. § 1335, which permits an interpleader action when two or more adverse claimants of diverse citizenship claim or may claim entitlement to the funds. Since defendants Donna and David Leggett are both citizens of Tennessee, there is no diversity of citizenship between them.[7] The United States is not a citizen of any state and thus cannot be considered for purposes of diversity. See Koppers Co., Inc. v. Garling & Langlois, 594 F.2d 1094, 1097 n.1 (6th Cir. 1979); Gregory, 555 F. Supp.2d at 924.

Therefore, there is no subject matter jurisdiction under 28 U.S.C. § 1335.[8]

## V. RELIEF SOUGHT BY PLAINTIFF BANK

The Bank seeks an order finding that it is not subject to a penalty pursuant to 26 U.S.C. § 6332(d)(2) for its failure to remit the funds in Ms. Leggett's bank account to the United States in accord with the notice of levy since it relied on the advice of the IRS agent who signed the notice of levy. The Court agrees with Ms. Leggett, see Docket Entry No. 18, that, if the Court does not have subject matter jurisdiction over this interpleader action, it does not have jurisdiction to disburse the funds to either claimant or to make a finding about whether the plaintiff would be subject to a penalty.

---

[7] The United States also notes that the Bank is a Tennessee citizen for diversity purposes. It is not clear, however, why the citizenship of the interpleading plaintiff is relevant under 28 U.S.C. § 1335.

[8] The Bank properly did not assert jurisdiction pursuant to Rule 22 of the Rules of Civil Procedure, since Rule 22 merely provides a "procedural framework" for interpleader actions, but does not itself confer subject matter jurisdiction. Metropolitan Life Ins. Co. v. Marsh, 119 F.3d 415, 418 (6th Cir. 1997).

## VI. RECOMMENDATION

For the reasons set forth above, the Court respectfully RECOMMENDS that:

1. The motion of defendant United States to dismiss for lack of jurisdiction (Docket Entry No. 11) be GRANTED;

2. The motion of defendant David M. Leggett to dismiss (Docket Entry No. 13) be GRANTED;

3. This action be DISMISSED; and

4. The Clerk be directed to return the amount of $83,070.41, currently held in the Registry of the Court, to the Bank.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report & Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge